Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2317 | **DATE** | 5/17/2001 |
| **CASE TITLE** | USA ex rel RICHARD LOVETT vs. JAMES SCHOMIG, Warden | | |

| MOTION: | [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.] |
|---|---|

| | |
|---|---|

**DOCKET ENTRY:**

| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
|---|---|---|
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Petitioner Richard Lovett's Petition for Habeas Corpus challenging his conviction for murder is denied. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 2 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | E0-7 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| TBK | courtroom deputy's initials | 01 MAY 18 PM 4: 33 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. )
)
RICHARD LOVETT (B-52399) )
)
   Petitioner, ) No. 2001 C 2317
)
   v. )
) Judge Ronald A. Guzmán
JAMES SCHOMIG, Warden, )
)
   Respondent. )

## MEMORANDUM OPINION AND ORDER

Petitioner Richard Lovett, represented by counsel, filed this petition for habeas corpus challenging his conviction for murder in the Circuit Court of Cook County on June 17, 1996, following a bench trial. The Illinois Appellate Court affirmed his conviction May 7, 1999, *People v. Lovett*, No. 1-96-3714, Pet. Exh. A, and the Illinois Supreme Court denied leave to appeal on April 5, 2000.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to conduct an initial review of habeas corpus petitions. The court may summarily dismiss a petition without examining the state court record or ordering a response if it plainly appears from the face of the petition and its exhibits that the petitioner is not entitled to relief. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). That is the case here.

Petitioner accepts the statement of facts set forth in the opinion of the Illinois Appellate Court. Pet. at 4. According to the opinion, Lovett, a member of the Vice Lords street gang, was driving with two other gang members, Mitchell and Newsome, to meet other gang members near Simeon High School in Chicago. They decided to go to 79th Street to look for members of the Black Disciples and Gangster Disciples gangs, with whom the Vice Lords were at "war."



Spotting a rival gang member, they stopped, left the car and chased him; when they couldn't catch him, they started to return to the car.

On the way to the car, they saw a group chasing the victim down an alley between May and Aberdeen streets, and they got in the car and drove down Aberdeen. They saw the group in a gangway where the group had stopped the victim. Lovett asked the victim why he was being chased, and the victim responded that it was because he was a "brick." The group began punching the victim, and Lovett joined in. While they were punching him, someone shot the victim, and Lovett fled with the others to 79th and Racine, where he saw Mitchell, who had driven his car there. Lovett and Newsome got in the back seat, and Mitchell continued driving while they discussed "taking care of business on 78th Street, and about trapping the brick in the gangway."[1]

Lovett raises a single claim for habeas review. He presents it as a claim that he was not proven guilty beyond a reasonable doubt, but it appears from his supporting argument that his real dispute is with the broad scope of Illinois' accountability statute as interpreted by the Illinois courts. Lovett does not claim that any particular fact was not proven; rather, he believes that the proven facts should not subject him to criminal liability.

Lovett was found accountable for the shooting under 720 ILCS 5/5-2(c), which provides that "[a] person is legally accountable for the conduct of another when ... (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Lovett argues that while the statute requires proof of specific intent to aid or abet the crime charged, the Illinois courts have mistakenly made the net of accountability much broader:

---

[1] Neither the opinion nor the petition explains what was meant by "brick."

2

> In affirming the conviction of the defendant ... the Illinois court's [sic] of review have erroneously held that the State need only prove the defendant had a specific intent to promote a crime, not necessarily a specific crime, and once [this] is proven, he is accountable for *any* crime that happens as a consequence of the intended crime. As a result of the decisions rendered by the Illinois courts of review, the doctrine of "accountability" has been stretched across acceptable legal boundaries. ...
>
> The gravament [sic] of accountability ... is to attach legal responsibility, and culpability, to the `natural and probable' consequences of acts perpetrated by another person. The petitioner was convicted of First Degree Murder without any proof that the natural and probable consequence of hitting the victim with his hands would end up with the victim being killed by a gunshot inflicted by some unknown person.

Pet. at 4. Lovett argues there was no evidence that he intended that a shooting take place or was aware that anyone was armed. The actual perpetrator was, and remains, unknown.

Interpreting Illinois statutes is the province of the Illinois courts, not federal courts on habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "State courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 690-91 (1975). It is for state courts to determine the elements to be proven to establish criminal liability, and their interpretation is binding on federal courts. *See Cole v. Young*, 817 F.2d 412, 416-20 (7th Cir. 1987).

Unfortunately for Lovett, the Illinois courts have interpreted 720 ILCS 5/5-2(c) to impose liability for murder in precisely this case, where a defendant joins with others to commit a battery and one of the others kills the victim. Intent to kill, or even knowledge that killing is a possibility, is unnecessary. The Illinois Supreme Court expressly rejected Lovett's argument: "Defendants argue that the common-design rule should be abolished because it creates a `misdemeanor murder rule.' We agree that the rule does impose liability for murder even though a misdemeanor was originally intended." *People v. Terry*, 99 Ill.2d 508, 515, 460 N.E.2d 746, 749 (1984). Citing *Terry*, the Illinois Appellate Court in *People v. O'Reilly*, 250 Ill.App.3d 622, 625, 621 N.E.2d 194, 196 (1st Dist. 1993), following *Terry*, stated the rule as follows:

3

> To convict on accountability, the prosecution must only prove the defendant had a specific intent to promote a crime, not necessarily a specific crime. Once the defendant's specific intent to aid a crime is proven, he is accountable for any crime that happens as a consequence of the intended crime.

Specific intent, or even the reasonable foreseeability of a killing, is simply not required.

Because we cannot review Illinois courts' interpretation of Illinois law, Lovett's claim that he was not found guilty beyond a reasonable doubt -- because Illinois courts improperly defined the elements of the offense -- necessarily fails. Taking Illinois law as we find it, and taking the account of the evidence at trial as given in the opinion of the Illinois Court of Appeals, a reasonable trier of fact could have found that Lovett had joined with others for the purpose of committing a battery and that one of his confederates -- whether known to him by name or not -- intentionally shot and killed the victim. Under the Illinois accountability statute, as interpreted by Illinois courts, that was sufficient to find him guilty of murder.

In reviewing Lovett's conviction, the Illinois Appellate Court applied the correct constitutional standard: "whether any rational trier of fact could have found [Lovett] guilty beyond a reasonable doubt." Pet. Exh. A at 8; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The Illinois Appellate Court's application of that standard to the facts of this case was not unreasonable. This ends this court's review under 28 U.S.C. § 2254(d)(1), and the petition is dismissed.

**SO ORDERED.**

Ronald A. Guzmán, Judge
United States District Court

DATED: 5/17/07